IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-62 |
| | : | |
| v. | : | |
| | : | |
| MORGAN STANLEY ABS CAPITAL | : | |
| I INC. TRUST 2007-HE2, DEUTSCHE | : | |
| BANK NATIONAL TRUST COMPANY | : | |
| AS TRUSTEE FOR MORGAN STANLEY | : | |
| ABS CAPITAL I INC. TRUST 2007-HE2, | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC (a/k/a | : | |
| MERS), MERSCORP, INC., U.S. BANK | : | |
| N.A., EUGENE JASKIEWICZ, VALERIE | : | |
| SCHLECHTER, DOES, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                              August 1, 2016

Before the court is an action to quiet title and also to seek redress of allegedly tortious

conduct by entities or individuals associated with a certain mortgage and note.  The plaintiff filed

this action in Court of Common Pleas of Bucks County, and several defendants removed it to

this court.  The plaintiff moves to remand the case to state court for lack of complete diversity,

and the removing defendants, claiming that the non-diverse defendants are fraudulently joined,

move to dismiss the claims against them.  For the reasons set forth below, the court finds that the

non-diverse defendants were fraudulently joined.  Accordingly, the court will deny the plaintiff's

motion to remand.  The court will also grant in part, and deny in part, the removing defendants'

motion to dismiss.  The court will grant the motion to dismiss for all claims except quiet title

claims concerning two defendants.  For those claims, the plaintiff alleges facts sufficient to

survive a motion to dismiss because he alleges two conflicting claims of ownership over the mortgage and note.  That said, the plaintiff's potential remedies, if he establishes entitlement to any at all, are drastically more limited than he contends.  Specifically, the plaintiff alleges no cognizable theory that would allow him to avoid his obligations relating to the mortgage and note, which are currently the subject of a separate foreclosure action in state court.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is the latest in a series of actions concerning the plaintiff, Kenneth Taggart ("Taggart"), real property that he purchased with the assistance of a mortgage-secured loan, and a host of entities associated with or tangentially-related to such a transaction. As relevant here, on September 15, 2006, Taggart executed a promissory note for $382,500.00 with Decision One Mortgage Company, LLC ("Decision One").  Second Amended Complaint ("Compl."), Ex. D, Doc. No. 21-2.[1]  The same day, Taggart also executed a mortgage with Mortgage Electronic Recording Systems, Inc. ("MERS"), acting as nominee for Decision One.  Compl., Ex. B, Doc. No. 19-2.  A notary public and Pennsylvania citizen, Valerie Schlechter ("Schlechter"), notarized the mortgage, which was subsequently recorded on October 3, 2006 in the Bucks County Recorder of Deeds Office.  *Id.*; *see also* Compl. at 9, 13; Original Complaint ("Orig. Compl."), Doc. No. 1-1, at 9-10.  The note was neither notarized nor recorded.  Compl. at 6, Doc. No. 20; *see also id.*, Ex. D.  Taggart does not dispute that he executed the mortgage; he only contends that he did so outside of the presence of Schlechter.  *See* Compl. at 8, 9, 14; Orig. Compl. 9-10. Schlechter also earned a fee for her services as a notary.  Compl. at 13, 14; Orig. Compl. at 10.

---

[1] With few exceptions, which are noted as they occur, all facts relied upon in this opinion derive from the plaintiff's second amended complaint.  Doc. Nos. 20, 21.  But because fraudulent joinder is at issue, the court is required to consider the substance of the complaint at the time of removal.  *See In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (*citing Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)).  Accordingly, as to the relevant defendants and for the purposes of determining whether they were fraudulently joined, the court considers the relevant facts from the removed complaint.  *See* Original Complaint ("Orig. Compl."), Doc. No. 1-1.  Additionally, the court notes that the second amended complaint covers three docket entries with the complaint docketed at Doc. No. 20 and numerous exhibits docketed at Doc. Nos. 19 and 21.

On May 25, 2010, MERS assigned its interest in the mortgage to Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2 ("the Trust").  Compl., Ex. C, Doc. No. 21-1.  Eugene Jaskiewicz ("Jaskiewicz"), also a notary public and Pennsylvania citizen, notarized the assignment.  *See id.* at 7, Ex. C; Orig. Compl. at 13.  The Recorder's Office received and recorded the assignment sometime in July 2010.  Compl., Ex. C.

At some point, and for precise reasons that are unknown to the court, Taggart defaulted on his payments, triggering substantial litigation.  *See, e.g.*, *Taggart v. Norwest Mortgage, Inc., et al.*, Civil Action No. 09-1281 (E.D. Pa. 2012).  One such action was a foreclosure initiated by Deutsche Bank.  *See Deutsche Bank National Trust Co. v. Taggart*, Pa. Ct. Com. Pl., No. 2010-7592.  In response to an interrogatory in that case, Deutsche Bank stated that U.S. Bank, N.A. ("U.S. Bank") "is the owner" of the mortgage and note.[2]  Compl., Ex. G, Doc. No. 21-5.  At no point in time did U.S. Bank itself ever claim an interest in the property, ever record such an interest, or ever attempt to enforce such an interest against Taggart.  *See generally* Compl.

On November 25, 2015, Taggart filed a *pro se* complaint in the Court of Common Pleas of Bucks County against the two notaries, and the non-Pennsylvania-resident defendants, Deutsche Bank, MERS, MERSCORP Holdings, Inc. ("MERSCORP"), U.S. Bank, and the Trust.  *See* Orig. Compl.  As laid out in the complaint, Taggart brought an action to quiet title under Pennsylvania Rule of Civil Procedure 1061(b)(3) and alleged the tort of slander of title under Pennsylvania common law against Deutsche Bank, MERS, MERSCORP, Inc., U.S. Bank, and

---

[2] It is not entirely clear what note and mortgage Deutsche Bank is referring to in the interrogatory responses.  That said, Taggart alleges that Deutsche Bank so responded in reference to the note and mortgage at issue.  Because the court is considering a motion to dismiss and as (1) the exhibit does not directly contradict Taggart's pleadings and (2) there is no exhibit or declaration from the defendants explaining the nature of this response, the court will assume that Deutsche Bank stated that U.S. Bank owns the note and mortgage at issue in this case for the purposes of this motion.

the Trust.[3]  *Id.* at 20-32.  Taggart also brought what appears to be both a quiet title action and an allegation that Jaskiewicz failed to produce a notary log or other evidence of notarization to the Philadelphia Department of Records.  *Id.* at 32-34.  As Taggart tells it, the origination of the note and mortgage was defective because Schlechter did not properly notarize the mortgage, she had a financial interest in the notarization (her professional fee), and Taggart did not receive a "conformed copy" of the documents immediately upon signing.  *Id.* at 9-10.  Nonetheless, Taggart does not allege that he did not sign and execute the note and mortgage.  *See generally id.*

Taggart also takes issue with the assignment of the mortgage from MERS to Deutsche Bank.  As the court understands Taggart's claims, he alleges that because MERS only recorded the mortgage, not the note, and then assigned its interest in the mortgage to Deutsche Bank, that the note and mortgage legally "split," nullifying them both.  *See id.* at 10-11.

The relief Taggart requested from the state court was a declaration that the mortgage was void *ab initio* and that the defendants must return all monies Taggart paid pursuant to the loan, with interest.  *Id.* at 35-36.  He also demanded that Schlechter surrender her "records regarding the mortgage and note in question" and that Jaskiewicz to turn in his "Notary journal[], log book, and business records [] so that they will be made public records in the Philadelphia Department of Records[.]"  *Id.* at 34.

On January 7, 2016, Deutsche Bank, MERS, MERSCORP, and U.S. Bank removed the action to this court.  Notice of Removal, Doc. No. 1.  In their notice of removal, the removing defendants argued that Taggart had no colorable claims against the Trust, Schlechter, and Jaskiewicz, and so the court should disregard their citizenship pursuant to the doctrine of fraudulent joinder.  *Id.* at 2-6.  Taggart filed an opposition to the removal, which the court

---

[3] The complaint alternatively describes Counts I-IV as a "petition to quiet title."  The court understands this to be the same as the quiet title action brought under the Pennsylvania Rules of Civil Procedure.

4

deemed to be a motion to remand, arguing that the court lacked subject-matter jurisdiction because Schlechter and Jaskiewicz destroyed complete diversity.  Doc. No. 8.  Taggart did not mention the Trust's citizenship (nor did the removing defendants ever identify such citizenship) and did not directly address the issue of fraudulent joinder.  *See id.*  The removing defendants opposed Taggart's motion to remand, *see* Doc. No. 14, and the court scheduled an evidentiary hearing, during which it would also hear argument on the issue of fraudulent joinder.  Doc. No. 11.

Prior to the hearing, Taggart obtained counsel and filed an amended complaint, adding two new counts: fraud and unjust enrichment against all defendants.  *See* Doc. Nos. 10, 16.  After the March 4, 2016 hearing, the court ordered further briefing on the issue of fraudulent joinder.  *See* Doc. No. 18.  The parties briefed the issue, and Taggart filed a second amended complaint.  Doc. Nos. 19, 20, 22.  Unable to rule on the basis of the record before it, the court ordered the defendants to submit an affidavit as to the citizenship of the Trust so that the court could determine whether it held subject-matter jurisdiction over the dispute.  Doc. No. 24.  The defendants did so and also filed a supplemental brief, arguing that the Trust was a creature of New York law and, as constructed, was a non-juridical entity without the capacity to sue or be sued, and thus, its citizenship did not affect the court's subject-matter jurisdiction in any way.  Doc. Nos. 32-34, 36.  Jaskiewicz also obtained counsel and also moved to dismiss the claims against him.  Doc. Nos. 27, 30.  Taggart opposed that motion.  Doc. Nos. 39.

## II.     DISCUSSION

### A.     <u>Legal Standard</u>

To survive a motion to dismiss under Federal Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R.

Civ. P. 8(a)(1).  In so showing, the complaint "must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  A complaint that offers only legal conclusions or otherwise fails to establish a valid cause of action must be dismissed.  *See id.*

Fraudulent joinder is a little different; whereas the focus of a 12(b)(6) motion is on plausibility, the gravamen of fraudulent joinder is possibility.  A party is fraudulently joined, and its citizenship can be disregarded for the purposes of diversity, when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.  *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).  "But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) *citing Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992).  In short, the court must be certain that there is no way that a state court could possibly find in favor of the plaintiff.  *See id.*  If there is any doubt as to whether the state court would allow a claim to proceed, the federal court must remand the case.  *See Batoff*, 977 F.2d at 851.  When determining whether a party is fraudulently joined, the court must evaluate the complaint at the time it was removed, and cannot consider any subsequently amended complaints.  *See Briscoe*, 448 F.3d at 217 *citing Batoff*, 977 F.2d at 851-52.  It is the removing defendants' burden to establish that a party was fraudulently joined.  *See id.*

## B. Analysis

### 1. Fraudulent Joinder

The removing defendants argue that three parties are fraudulently joined: the Trust, Schlechter, and Jaskiewicz. The court agrees.

To start, the Trust was organized as a common law express trust created under New York state law. Under New York law, such a trust is not a juridical entity that can sue or be sued. *See, e.g.*, *Springer v. U.S. Bank Nat'l Ass'n*, No. CIV A. 15-CV-1107, 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec. 23, 2015). Taggart cannot sue the Trust in any court, state or federal, and so its "citizenship" is irrelevant to the diversity analysis.

As to the claims against Schlechter, the court is convinced that there is no colorable basis in law or fact for any of them. Taggart brings a quiet title action against Schlechter, but she has made no claim of title to the property. He demands that she turn over her records relating to the mortgage, but does not identify any records that she may have. *See Jobe v. Bank of Am., N.A.*, No. CIV A. 3:10-1710, 2013 WL 1402970, at *3-4 (M.D. Pa. Apr. 5, 2013) ("In light of the fact that the plaintiffs' amended complaint clearly asserts that the [] Defendants do not have any interest in the property, the bald assertion that they may possess unspecified documents related to the property is not sufficient to sustain their action to quiet title."). Nor does he deny that he signed and executed the mortgage, so any failure on her part to properly notarize the mortgage would not provide him with any basis for a claim for relief, much less render the mortgage void *ab initio*—and much, much less entitle him to recover all monies he paid pursuant to his obligations under the note and mortgage. *See, e.g.*, *Wolfe v. Greentree Mortgage Corp.*, No. CIV A. 3:09-CV-74, 2010 WL 391629, at *3 (N.D.W. Va. Jan. 26, 2010) ("Given the fact that the

plaintiff does not contest the fact that she, in fact, signed the deed of trust, there can be no damage emanating from the notary public's failure to properly acknowledge that signature."). In short, Taggart has no basis to sue Schlechter on the facts alleged in the original complaint.

Lastly, Taggart's claims against Jaskiewicz also do not present a colorable claim under Pennsylvania state law.  Taggart wants Jaskiewicz to (1) admit he has not provided Taggart a copy of "a business log, journal, or documentation regarding" the assignment, (2) admit that he still retains such documents, and (3) surrender such documents to the Philadelphia Department of Records."  Compl. at 33-34.  It is true that the quiet title statute requires persons to "admit . . . to the validity or invalidity" or "surrender" any document relating to an interest in land—but this statute is for when there is an actual dispute over title to the property.  Pa. R.C.P. No. 1061(b)(3). It is not a license to force any person somewhat associated with a property transaction to answer a series of requests for admissions and produce documents.[4]   Jaskiewicz, like many other defendants, has made no claim of title to this property.  He simply notarized an assignment, an

---

[4] The court recognizes that the language of the statute is quite broad and that, if drafted today, the quiet title statute may well be worded a little differently.  But that breadth is attributable to its purpose, which was to consolidate various actions to resolve legitimate disputes over land.  That consolidation attempted to cover a lot of ground. Specifically:

> "The consolidation effected by the creation of an action to quiet title in 1946 was quite extensive in the field of general proceedings to remove clouds on title, liens, and charges on land. Such proceedings, which were designed to cure deficiencies that could not be reached through any form of direct or indirect ejectment, included proceedings for the satisfaction of mortgages; proceedings for the extinguishment of ground rents; proceedings to cancel forged mortgages; proceedings to satisfy any encumbrance where the debt is unpaid for 21 years; proceedings to authenticate copies of lost or defaced deeds; proceedings to compel the recording of deeds of trusts, deeds and subdivisions plans; proceedings to compel the foreclosure of a mortgage or be barred; proceedings to release specific types of charges on land; proceedings by a widow to clear her title to real estate within her widow's exemption; adjudication of rights under a separation agreement; determination of title to an easement or the existence of an easement by implication; determination of the extent of a duty to pay inheritance taxes on land; proceedings to determine the title obtained by a purchaser at a tax or municipal lien sale; to impress a trust upon real property; and to determine a dispute between tenants in common."

4 Goodrich Amram 2d § 1061(b):8, Determination of right to, or interest in, land or validity of document of title—Amram commentary: History of action.  Read in this light, the cause of action to "compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land" does not encompass the type of claim or injunctive relief Taggart seeks against Jaskiewicz.

assignment to which Taggart is a third-party and thus lacks standing to challenge.  *See Rottmund v. Cont'l Assur. Co.*, 761 F. Supp. 1203, 1208 (E.D. Pa. 1990) ("The validity of the Agreement and the effectiveness of any purported assignment are matters which are open to challenge or enforcement only by those in privity of contract or those with some legal right existing at common law or created by statute.  All others must be deemed strangers to the Agreement with no standing to assert any rights thereunder.")

### ii.    Failure to State a Claim

#### a.    Fraud and Unjust Enrichment

In Taggart's second amended complaint, he added claims of fraud and unjust enrichment against all defendants.  *See* Compl. at 17-19.  These claims are not well-pled.  As to the fraud claim, Taggart pleads no facts that could possibly form the basis of a fraud claim.  He does not even plead the legal elements of fraud.  He alleges little more than that "Defendant has engaged in fraud in this matter, thereby causing Plaintiff significant damages[, and that as] a result of Defendant's misrepresentations, Plaintiff has incurred significant damages."  *Id.* at 17.  This is not even a "[t]hreadbare recital[] of the elements of a cause of action[.]"  *Iqbal*, 556 U.S. at 678.  The unjust enrichment claim is hardly more sound.  Taggart appears to argue that the defendants will be unjustly enriched by collecting "late fees, additional interest, and penalties" associated with his default on his loan payments.  Compl. at 18.  This is unjust, Taggart contends, because "Defendant caused any alleged default herein."  *Id.*  Taggart never says why this is so, or how any of the numerous defendants that are *not* seeking any money from Taggart could be enriched at all, much less unjustly.  Accordingly, the court will dismiss Taggart's claims of fraud and unjust enrichment.

b.      Quiet Title

Taggart invokes Pa. R.C.P. No. 1061(b)(3), which allows for an action to quiet title to "compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." *US Bank Nat. Ass'n v. McClain*, No. 3062 EDA 2014, 2015 WL 6143916, at *7 (Pa. Super. Oct. 16, 2015).  The purpose of a quiet title action under this statute is to remove clouds on title and resolve conflict over interests in property.  *White v. Young*, 186 A.2d 919, 921 (Pa. 1963).  Here, Taggart brings a quiet title action against MERS, MERSCORP, Deutsche Bank, and U.S. Bank.

MERS and MERSCORP do not have any claims of any interest in the property at all, and thus a quiet title action against them is inappropriate.  MERS's interest in the property ended when it assigned that interest to Deutsche Bank, and MERS has never claimed an interest subsequent to that assignment.  MERSCORP, for its part, is not identified in the recorded mortgage or the assignment at all, and Taggart pleads no facts indicating why it should even be a party to this action.  And Taggart's theories as to how an improper recordation or assignment could render invalid the note and mortgage that he does not deny he executed lack any basis in established case law.

But the court cannot dismiss the quiet title claims as to the defendants Deutsche Bank and U.S. Bank.  Taggart alleges that Deutsche Bank has attempted to enforce the mortgage against Taggart through a foreclosure action.  Compl. at 7.  He also alleges that the public records indicate Deutsche Bank is the only party with a recorded interest in the mortgage.  *Id.*  However, Taggart also alleges that Deutsche Bank stated in response to an interrogatory in the foreclosure action that U.S. Bank owns the note and mortgage.  *Id.*  While there is no allegation that U.S.

10

Bank affirmatively claimed an interest in the property, Deutsche Bank's discovery responses in a related litigation do raise a question as to which entity owns the mortgage and note.  Because the record in this case contains no explanation regarding this apparent discrepancy, there appears that there may be a dispute over certain parties' interest in the property, and the court will allow the quiet title action to proceed with limited discovery pertaining solely to this issue.  *Cf. Loveless v. Bank of Am., N.A.*, No. CIV A. 3:CV-13-1546, 2015 WL 5693543, at *4 (M.D. Pa. Sept. 24, 2015) (proceeding with a quiet title action where the plaintiff alleged that multiple entities claimed an interest in the mortgage).

### 3. Slander of Title

As with the other torts, the court must dismiss the slander of title claims as well.  Slander of title is the "false and malicious representation of the title or quality of another's interest in goods or property."  *Narducci v. Regis Dev. Corp.*, 2005 WL 1620379, at *1 (Pa. Com. Pl. July 7, 2005) (*quoting Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243 (2002)).  Taggart alleges slander of title against all defendants.  But there are simply no facts in the complaint that plausibly allege a slander of title claim, and the plaintiff is thus not entitled to discovery on it.

### III.    CONCLUSION

This case is properly before this court because complete diversity exists between the parties.  All non-diverse defendants are fraudulently joined, and the court will deny the plaintiff's motion to remand.  Because the plaintiff plausibly alleged a quiet title action as to two defendants, the court will allow those claims to proceed to discovery.  The court also notes that avoidance of the plaintiff's mortgage is not a possible remedy for a quiet title action.  All of

plaintiff's remaining claims fail to state a claim upon which this court can grant relief, and accordingly, the court will dismiss them.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.